**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1972
_____

In re:  JAMES ALBERT D'ANGELO, SR. & CAROLYN MARIE D'ANGELO,
Debtors

CAROLYN MARIE D'ANGELO; JAMES ALBERT D'ANGELO, SR.,
Appellants

v.

JP MORGAN CHASE BANK, NATIONAL ASSOCIATION
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No. 2-14-cv-02084)
District Judge: Hon. Jan E. DuBois
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 11, 2016
_____

Before: MCKEE, Chief Judge, AMBRO, and SCIRICA, Circuit Judges

(Opinion filed: April 21, 2016)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

MCKEE, Chief Judge

James Albert D'Angelo, Sr. and Carolyn Marie D'Angelo appeal the order of the District Court affirming the Bankruptcy Court's dismissal of Count Nine of their Second Amended Complaint with prejudice. For the reasons that follow, we will affirm.

I.

Because we write for the parties who are already familiar with the facts and procedural history, we set forth only the background necessary to our conclusion. The District Court affirmed the Bankruptcy Court's dismissal of the D'Angelos' attempt to invalidate their note and mortgage pursuant to 11 U.S.C. § 544(a) and (b). The District Court also held that the Bankruptcy Court had properly concluded that the *Rooker-Feldman* doctrine barred review of the state court's equitable lien order.

While the § 544 appeal was pending, the D'Angelos commenced another proceeding, seeking to avoid as a preferential transfer the equitable lien against the property pursuant to 11 U.S.C. § 547. The Second Amended Complaint filed by the D'Angelos contained a total of nine counts. The Bankruptcy Court initially dismissed all of the counts in the D'Angelos' Second Amended Complaint, except Count Nine, which sought to avoid the equitable lien as a preferential transfer. In reviewing Count Nine, the Bankruptcy Court concluded that the equitable interest acquired by JPM through the equitable lien was an interest assigned to JPM in 2006 when JPM succeeded to the interests previously held by the prior mortgagee of the property. The Bankruptcy Court characterized the equitable lien as an "equitable assignment" or "subrogation." Therefore

no interest of the D'Angelos was transferred to JPM during the preference period as required by § 547(b).  This appeal followed.

## II.

We review the Bankruptcy Court's decision *de novo*.[1]  We exercise plenary review over the District Court's legal determinations.[2]  The Bankruptcy Court's decision will not be disturbed absent "a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact."[3]

The primary issue before us is whether the Bankruptcy Court correctly found that the D'Angelos could not establish that the 2011 equitable lien order imposed by the state court transferred a property interest to JPM such that it was a voidable transfer under 11 U.S.C. § 547(b).  This provision allows a bankruptcy trustee to recover certain transfers of interests in property made by a debtor within 90 days prior to filing a petition in bankruptcy.[4]

The D'Angelos allege their original pleadings demonstrate that the equitable lien involved a transfer of an interest in their home and JPM's admission to fraud establishes

---

[1] *See In re Hechinger Inv. Co. of Del.,* 298 F.3d 219, 224 (3d Cir. 2002) *(citing In re Telegroup, Inc.,* 281 F.3d 133, 136 (3d Cir. 2002)).

[2] *See In re Trans World Airlines, Inc.,*145 F.3d 124, 131 (3d Cir. 1998).

[3] *In re 15375 Memorial Corp.,* 589 F.3d 605, 616 (3d Cir. 2009) *(citing In re SGL Carbon Corp.,* 200 F.3d 154, 159 (3d Cir. 1999)).

[4] There are several elements that a debtor must satisfy to establish such a claim: (1) a transfer of an interest of the debtor in property; (2) the transfer was made to or for the benefit of a creditor of the debtor; (3) the transfer was made on account of an antecedent debt; (4) the transfer was made while the debtor was insolvent; (5) the transfer was made either (a) within ninety days of the petition date; or (b) if the creditor was an insider, within the year of the petition date; and (6) the transfer enabled the creditor to receive more than it would have received pursuant to a Chapter 7 liquidation. 11 U.S.C. § 547(b)(1)–(5).

3

that the equitable lien involved an interest of the D'Angelos unlawfully transferred to a fraudulent actor as a matter of law. However, as the Bankruptcy Court succinctly and correctly explained, the equitable lien given to JPM consisted of nothing more than the equitable lienholder's right of subrogation to the rights of the prior lienholder.[5] It did not constitute an assignment of an interest of the D'Angelos'. The Bankruptcy Court correctly reasoned that, since § 547(b) requires an actual transfer of an interest in property, the assignment between the lenders fell outside of the scope of § 547(b).

To the extent that the D'Angelos argue the equitable lien transferred an interest of theirs where none existed before—allegedly as a result of JPM's fraud—the District Court concluded that it was deprived of jurisdiction pursuant to the *Rooker-Feldman* doctrine. That conclusion was correct because summary judgment was entered against the D'Angelos in state court before they filed for bankruptcy in federal court.[6]

III.

For the reasons set forth above, we will affirm.

---

[5] *See Lewis v. Diethorn*, 893 F.2d 648, 651 (3d Cir. 1990); *In re Bridge*, 18 F.3d 195, 201 (3d Cir. 1994).

[6] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) (holding lower federal courts are courts of original, not appellate, jurisdiction and lack federal jurisdiction to review final judgment entered by a state court); *Madera v. Ameriquest Mortgage Co. (In re Madera),* 586 F.3d 228, 232 (3d Cir. 2009).